# EXHIBIT A

55555.0343.836950.1

## Case Information

CV01-18-15805 | Robin Card Plaintiff, vs. The Herjavec Group Corp Defendant.

| | | |
|---|---|---|
| Case Number<br>CV01-18-15805 | Court<br>Ada County District Court | Judicial Officer<br>Medema, Jonathan |
| File Date<br>08/24/2018 | Case Type<br>AA- All Initial District Court Filings (Not E, F, and H1) | Case Status<br>Active - Pending |

## Party

Plaintiff
Card, Robin

Inactive Attorneys ▼
Lead Attorney
Gunn, Matthew
Retained

**EXHIBIT A**

Defendant
The Herjavec Group Corp

## Events and Hearings

08/24/2018 Initiating Document - District

08/24/2018 Complaint Filed ▼

Details

Complaint and Demand for Jury Trial

08/24/2018 Summons Issued ▼

Comment
And Filed

08/24/2018 Civil Case Information Sheet

08/24/2018 Summons ▼

## Financial

Card, Robin

| | |
|---|---|
| Total Financial Assessment | $221.00 |
| Total Payments and Credits | $221.00 |

| | | | | |
|---|---|---|---|---|
| 8/27/2018 | Transaction Assessment | | | $221.00 |
| 8/27/2018 | EFile Payment | Receipt # 98004-2018-R01 | Card, Robin | ($221.00) |

Electronically Filed
8/24/2018 3:01 PM
Fourth Judicial District, Ada County
Christopher D. Rich, Clerk of the Court
By: Lusina Heiskari, Deputy Clerk

Eric S. Rossman, ISB #4573
erossman@rossmanlaw.com
Erica S. Phillips, ISB #6009
ephillips@rossmanlaw.com
Matthew G. Gunn, ISB #8763
mgunn@rossmanlaw.com
ROSSMAN LAW GROUP, PLLC
350 N. 9th Street, Suite 500
Boise, Idaho 83702
Telephone: (208) 331-2030
Facsimile: (208) 947-2424
*iCourt efiling only!:* rlg@rossmanlaw.com

Medema, Jonathan

Attorneys for Plaintiff

IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT OF

THE STATE OF IDAHO, IN AND FOR THE COUNTY OF ADA

| | |
|---|---|
| ROBIN CARD, an individual, | CASE NO. CV01-18-15805 _____ |
| Plaintiff, | |
| -vs- | SUMMONS |
| THE HERJAVEC GROUP CORP., a New York Company, | |
| Defendant. | |

**NOTICE: YOU HAVE BEEN SUED BY THE ABOVE-NAMED PLAINTIFF(S). THE COURT MAY ENTER JUDGMENT AGAINST YOU WITHOUT FURTHER NOTICE UNLESS YOU RESPOND WITHIN 21 DAYS. READ THE INFORMATION BELOW.**

TO:   THE HERJAVEC GROUP CORP.
      Registered Agent: Sarah Hewitt c/o Schnader Harrison Segal & Lewis, LLP
      140 Broadway, Suite 3100
      New York, NY 10005

SUMMONS - 1

You are hereby notified that in order to defend this lawsuit, an appropriate written response must be filed with the above designated court at 200 W. Front Street, Boise, Idaho 83702, (208) 287-6900, within 21 days after service of this Summons on you. If you fail to so respond the court may enter judgment against you as demanded by the plaintiff(s) in the Complaint.

A copy of the Complaint is served with this Summons. If you wish to seek the advice or representation by an attorney in this matter, you should do so promptly so that your written response, if any, may be filed in time and other legal rights protected.

An appropriate written response requires compliance with Rule 10(a)(1) and other Idaho Rules of Civil Procedure and shall also include:

1. The title and number of this case.

2. If your response is an Answer to the Complaint, it must contain admissions or denials of the separate allegations of the Complaint and other defenses you may claim.

3. Your signature, mailing address and telephone number, or the signature, mailing address and telephone number of your attorney.

4. Proof of mailing or delivery of a copy of your response to plaintiff's attorney, as designated above.

To determine whether you must pay a filing fee with your response, contact the Clerk of the above-named court.

8/24/2018 3:01 PM

DATED this _____ day of August, 2018.

CHRISTOPHER D. RICH
Clerk of the Court



Deputy _Lusina Heiskari_

Z:\Work\C\Card, Robin\Pleadings\Summons.doc

SUMMONS - 2

Electronically Filed
8/24/2018 3:01 PM
Fourth Judicial District, Ada County
Christopher D. Rich, Clerk of the Court
By: Lusina Heiskari, Deputy Clerk

Eric S. Rossman, ISB #4573
erossman@rossmanlaw.com
Erica S. Phillips, ISB #6009
ephillips@rossmanlaw.com
Matthew G. Gunn, ISB #8763
mgunn@rossmanlaw.com
ROSSMAN LAW GROUP, PLLC
350 N. 9th Street, Suite 500
Boise, Idaho 83702
Telephone: (208) 331-2030
Facsimile: (208) 947-2424
*iCourt efiling only!:* rlg@rossmanlaw.com

Attorneys for Plaintiff

IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT OF

THE STATE OF IDAHO, IN AND FOR THE COUNTY OF ADA

| | |
|---|---|
| ROBIN CARD, an individual, | CASE NO. CV01-18-15805 |
| Plaintiff, | |
| -vs- | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| THE HERJAVEC GROUP CORP., a New York Company, | Filing Fee: $221.00 |
| | Category: AA |
| Defendant. | |

COMES NOW Robin Card, the above-named Plaintiff, and for cause of action against the Defendant Herjavec Entertainment Corp., hereby COMPLAINS AND ALLEGES as follows:

## PARTIES

1.      Plaintiff Robin Card at all times herein mentioned has been, and presently is, a resident of Ada County, Idaho.

**COMPLAINT AND DEMAND FOR JURY TRIAL - 1**

2.      Defendant The Herjavec Group Corp., (hereinafter "Herjavec"), at all times herein mentioned was and is a New York company.

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over this matter pursuant to Idaho Code §§ 1-705 and 5-514.

4.      Venue is proper, pursuant to Idaho Code § 5-404, because this cause of action arose within Ada County.

## GENERAL ALLEGATIONS

5.      Herjavec is a New York company with over 15 employees. Herjavec's primary business office is located in West Hollywood, California.

6.      On May 8, 2017 Herjavec and Mr. Card executed an employment agreement pursuant to which Mr. Card began work as a full-time Account Executive on May 22, 2017, with his principle location in Boise, Idaho.

7.      Mr. Card possessed over twenty-four years' experience in sales and brought a track record to Herjavec of being a highly lucrative, high volume sales producer.

8.      Mr. Card was paid a base salary of $110,000.00. Additionally, Mr. Card was compensated pursuant to the "Sales Compensation Plan - US" which applied to "all sales representatives between 01/01/2017 and 12/31/2017" (the "2017 Commission Plan").

9.      Mr. Card's annual revenue quota for 2017 ("ARQ") was $1,500,000.00, and his annual gross profit quota ("AGPQ") was $500,000.00. Obviously, because Mr. Card started on May 22, 2017, nearly halfway through 2017, Mr. Card understood that his 2017 quotas would be prorated per industry customs and standards; Mr. Card could not have quotas for

COMPLAINT AND DEMAND FOR JURY TRIAL - 2

quarters in which he was not employed. Thus, Mr. Card's 2017 ARQ was $923,077.00 and his 2017 AGPQ was $307,692.00

10. Mr. Card, befitting his extensive sales experience, was extremely successful in the fourth quarter of 2017, generating extensive revenue for Herjavec. In the fourth quarter of 2017 alone, Mr. Card booked $6,453,351.00 in revenue, for a total gross profit to Herjavec of $1,805,290.00. Thus, Mr. Card achieved 699% of his ARQ and 587% of his AGPQ, undisputedly significant revenue windfalls for Herjavec. At the time Mr. Card booked this business in Q4 of 2017, he understood that some of the commissions thereon would be paid out over time because some of the contracts continued into 2020, in accordance with the 2017 Commission Plan. Under the 2017 Commission plan, Mr. Card earned $404,230.00 in commissions.

11. In early 2018 however, Herjavec enacted a new commission structure (the "2018 Commission Plan") because the "2017 comp plan had a disconnect between the goals of the company and the individual reps . . . ." The 2018 Commission Plan offered significantly less earning potential to Account Executives.

12. Not wanting to change jobs after a little over half a year, Mr. Card reluctantly agreed to the 2018 Commission Plan. But before he did so, Mr. Card secured a key understanding, and relied on the same, from Herjavec. Herjavec assured Mr. Card, in accordance with well-established tenets of wage law, that it would pay all commissions for sales booked in 2017 in accordance with the 2017 Commission Plan. Furthermore, Herjavec promised to immediately pay Mr. Card all commissions owing for his 2017 sales in order to wholly and finally "settle up" under the 2017 Commission Plan, even on multi-year contracts

COMPLAINT AND DEMAND FOR JURY TRIAL - 3

in which installments would be paid in 2018, 2019, and 2020, because Mr. Card undisputedly booked the sales in 2017, under the terms of the 2017 Commission Plan. Only after securing these assurances and relying on them did Mr. Card agree to the 2018 Compensation Plan.

13. In 2018, however, Herjavec continuously represented to Mr. Card that it was "looking at" his 2017 commissions. At no point in time did Herjavec present to Mr. Card a substantive refutation of the 2017 commission numbers that he presented to it. Rather, Herjavec simply delayed and continued to tell Mr. Card that the 2017 commissions were being "looked at."

14. In July of 2018 Mr. Card was placed on a performance improvement plan. Mr. Card was terminated by Herjavec on August 8, 2018. Mr. Card strongly disputes the factual basis for both the performance improvement plan and his termination.

15. Upon his termination, Mr. Card again demanded payment of his due and owing 2017 commissions, and Herjavec refused. Herjavec paid Mr. Card only $50,867.00 in commissions for 2017, despite Mr. Card booking $6,453,351.00 in revenue in 2017, for a total gross profit to Herjavec of $1,805,290.00.

16. To date Herjavec has failed to pay Mr. Card at least $353,363.00 in wages due and owing.

## COUNT ONE

*Violation of the Idaho Wage Claim Act*

17. Mr. Card hereby realleges the allegations contained in Paragraphs 1 through 16 as set forth above and incorporates the same herein by reference.

18. At all times herein mentioned, Herjavec was an "employer" within the meaning

COMPLAINT AND DEMAND FOR JURY TRIAL - 4

of the Idaho Wage Claims Act, Idaho Code § 45-601.

19. From approximately May 8, 2017 to August 8, 2018, Mr. Card was employed by Herjavec and was an "employee" within the meaning of the Idaho Wage Claims Act, Idaho Code § 45-601.

20. The unpaid commissions due and owing to Mr. Card constitute wages pursuant to the Idaho Wage Claim Act, Idaho Code § 45-601.

21. Herjavec's failure to pay Mr. Card the wages constitute a violation of the Idaho Wage Claims Act, Idaho Code §§ 45-601, *et. seq.*

22. As a direct result of Herjavec's wrongful conduct, Mr. Card is entitled to recover damages in the amount of three (3) times the unpaid wages as provided by the Idaho Wage Claims Act, Idaho Code § 45-615.

23. Mr. Card hereby reserves this paragraph for the inclusion of a claim for punitive damages pursuant to Idaho Code § 6-1604.

## ATTORNEY FEES AND COSTS

24. As a consequence of Herjavec's conduct and/or acts and/or admissions, Mr. Card has been required to retain the services of legal counsel, and therefore, is entitled to recover his attorney fees and costs incurred in prosecuting this action pursuant to Idaho Code § 45-615, and any other applicable provisions of Idaho law.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Card prays for Judgment, Order and Decree of this Court as follows:

COMPLAINT AND DEMAND FOR JURY TRIAL - 5

1. For judgment of the Court awarding Mr. Card damages in excess of $10,000.00, incurred as a result of Herjavec's violations of the Idaho Wage Claim Act.

2. For prejudgment interest on all damages recovered at the rate set forth within Idaho Code § 28-22-104.

3. For Mr. Card'a reasonable attorney fees and costs incurred in prosecuting this action, pursuant to Idaho Code § 45-615, and any other applicable provisions of Idaho law.

4. For such other and further relief as court deems just and necessary.

## DEMAND FOR JURY TRIAL

Mr. Card hereby demands a jury trial pursuant to Idaho Rule of Civil Procedure 38(b).

DATED this  24  day of August, 2018.

ROSSMAN LAW GROUP, PLLC

*[signature]*

Matthew G. Gunn
Attorneys for Plaintiff

Z:\Work\C\Card, Robin\Pleadings\Complaint.docx

**COMPLAINT AND DEMAND FOR JURY TRIAL - 6**